COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Moon, Judge Fitzpatrick and
          Senior Judge Hodges
Argued at Alexandria, Virginia

JESSICA HOLLIDAY LAVERTY, n/k/a
 JESSICA HOLLIDAY

v.        Record No. 0059-95-4        MEMORANDUM OPINION[*] BY
                                   JUDGE JOHANNA L. FITZPATRICK
THOMAS KENT HOLLIDAY LAVERTY            OCTOBER 17, 1995

          FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                 Benjamin N. A. Kendrick, Judge

          Edward V. O'Connor, Jr. (Byrd, Mische, Bevis,
          Bowen, Joseph & O'Connor, P.C., on briefs), for
          appellant.

          Thomas Laverty, pro se (James W. Korman; Bean,
          Kinney & Korman, P.C., on brief), for appellee.


     Jessica Holliday Laverty (mother) appeals the trial court's

decision awarding child support to Thomas Kent Holliday Laverty

(father).  Mother argues that the trial court erred in:  (1)

applying the shared custody guidelines in Code § 20-108.2(G)(3),

and (2) failing to consider all of mother's work-related child

care expenses.  For the reasons that follow, we reverse and

remand the shared custody guidelines issue and affirm on the

child care expenses issue.

                         **BACKGROUND**

     The parties were married on December 31, 1977.  They had one

child, Cory, who was born on November 21, 1987.  The parties

---

[*]Pursuant to Code § 17.116.010 this opinion is not
designated for publication.


1

separated on April 11, 1992, and a final decree of divorce was entered on July 16, 1993. On August 19, 1994, father filed a motion to modify child support and for other relief. A hearing was held on November 23, 1994. At that hearing, the evidence established that father's visitation with the child included: (1) every other weekend from after school on Friday to Monday morning; (2) alternating Wednesdays from after school to 8:30 p.m.; (3) intervening Wednesdays from after school to Thursday morning; and (4) alternating holidays. Father argued that he should be credited with a "day" of custody for each alternating and intervening Wednesday and thus the shared custody guidelines in Code § 20-108.2(G)(3) applied to determining support.

In the final order entered December 2, 1994, the trial court counted each alternating and intervening Wednesday as a "day" of custody under the shared custody guidelines and credited father with 148 days of custody. The trial court accepted father's estimate of $217 per month for mother's work-related child care expenses as reasonable child care costs and ordered father to pay $191 per month in child support.

### DEFINITION OF A DAY UNDER SHARED CUSTODY GUIDELINES

Mother argues that the trial court erred in crediting father with 148 days of custody under the shared custody guidelines.

Code § 20-108.2(G)(3), defining shared custody, provides as follows:

> In cases involving shared custody, the amount of child support to be paid is the difference between the amounts owed by each

2

> parent to the other parent, with the parent
> owing the larger amount paying the difference
> to the other parent.
>
>      \*     \*     \*     \*     \*     \*     \*
>
> The shared custody rules set forth
> herein apply when each parent has physical
> custody of a child or children born of the
> parties . . . for more than 110 days of the
> year.

In Ewing v. Ewing, ___ Va. App. ___, ___ S.E.2d ___ (1995) (en banc), this Court recently held that "the General Assembly intended that for the purpose of applying the provisions of Code § 20-108.2(G)(3)(c), a day should be construed to be any continuous twenty-four hour period." Id. at ___, ___ S.E.2d at ___.

Under this analysis, father failed to establish that he had custody of the child for more than 110 days per year and that the shared custody rule in Code § 20-108.2(G)(3) applied. Father's total custody is 106 days when the alternating and intervening Wednesday visitations are excluded. Thus, we hold that the trial court erred in applying the shared custody guidelines in this case.

## CHILD CARE EXPENSES

Mother also argues that the trial court erred in failing to consider all of her work-related child care expenses. However, mother did not list this issue in her Designation of Record and Statement of Questions to be Presented filed on March 7, 1995.

In the absence of an agreement regarding designation of the

record, "counsel for appellant shall file with the clerk of the Court of Appeals a statement of the questions to be presented and a designation of the contents to be included in the appendix within fifteen days after the filing of the record."  Rule 5A:25(d).  Mother failed to include the issue of the trial court's determination of her child care expenses.  Because this issue was not raised, we do not consider this issue on the merits.

Accordingly, we reverse and remand for recalculation of child support consistent with this opinion.

<u>Affirmed in part,</u>
<u>reversed in part,</u>
<u>and remanded</u>.